**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES KING, | CIVIL ACTION NO. 11-1231 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. | |
| CITY OF LONG BRANCH, et al., | |
| Defendants. | |

**THE PLAINTIFF** brings this action, <u>inter</u> <u>alia</u>, to recover damages pursuant to 42 U.S.C. § 1983, alleging that he was wrongfully terminated from his employment as a police officer. (Dkt. entry no. 3, Am. Compl.)  The Court's own research reveals that the plaintiff has brought state proceedings seeking review of the decision to terminate his employment.  <u>See, e.g.</u>, http://www.state.nj.us/csc/msb/agenda11/042011a.pdf (4-20-11 New Jersey Civil Service Commission Agenda at 7).

**A DISTRICT COURT** must abstain from exercising jurisdiction in an action if there are (1) state proceedings that are related and pending, (2) important state interests implicated therein, and (3) adequate opportunities to raise federal claims therein. <u>Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 435 (1982); <u>Younger v. Harris</u>, 401 U.S. 37, 43-54 (1971).  A district court should stay a federal action — rather than dismiss a complaint — if the state proceedings are administrative in

nature, to assure that the federal claims are actually resolved. Gwynedd Props. v. Lower Gwynedd Twp., 970 F.2d 1195, 1204 & n.14 (3d Cir. 1992) (stating district court is without discretion to dismiss, rather than stay, monetary-relief claim that may not be redressed in state proceeding); Bongiorno v. Lalomia, 851 F.Supp. 606, 610-17 (D.N.J.) (staying action sua sponte, rather than dismissing complaint, as monetary-damage claim might not be resolved in pending state proceeding), aff'd, 39 F.3d 1168 (3d Cir. 1994).  State administrative proceedings are considered to be "proceedings" under Younger.  See Zahl v. Harper, 282 F.3d 204, 209 (3d Cir. 2002) (stating same).  Proceedings concerning the discipline of police officers implicate important state interests under Younger.  See Terry v. Town of Morristown, No. 06-1788, 2007 WL 2085351, at *4 (D.N.J. July 17, 2007).

**THE DETERMINATION** on the termination of the plaintiff's employment is subject to a review by the New Jersey state courts. See N.J.Ct.R. 2:2-3 (setting forth procedure for further review by New Jersey Appellate Division); N.J. Law Enforcement Supervisors Ass'n v. New Jersey, 414 N.J.Super. 111, 117 (N.J. App. Div. 2010) (reviewing denial by Office of Employee Relations of request for certain relief).

**THE COURT** thus intends to (1) stay this action, and (2) administratively terminate this action with leave to the plaintiff to move to reopen when the related proceedings have

been resolved through all of the administrative and state-court levels available.  The plaintiff, if so moving in the future, should demonstrate that (1) pursuit of the federal claims was attempted in the related proceedings, and (2) the state administrative and appellate remedies available in the related proceedings have been exhausted.  The plaintiff must proceed — in view of the relief that he has sought so far — at the state level first.  See <u>Ocean Grove Camp Meeting Ass'n v. Vespa-Papaleo</u>, 339 Fed.Appx. 232, 237, 239 (3d Cir. 2009) (stating in <u>Younger</u> analysis that proper forum for review of New Jersey state agency's final decision is New Jersey Appellate Division); <u>W.K. v. N.J. Div. of Dev'l Disabilities</u>, 974 F.Supp. 791, 794 (D.N.J. 1997) (stating proper forum for review of state agency's final decision is New Jersey Appellate Division, as for <u>Younger</u> purposes the administrative and appeals process is treated as a unitary system).

   **AN ORDER** administratively terminating an action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy.  See <u>Delgrosso v. Spang & Co.</u>, 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination is not a final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the

merits"). For good cause appearing, the Court will issue an appropriate order and judgment.

                                                                         s/ Mary L. Cooper
                                                     **MARY L. COOPER**
                                                     United States District Judge

**Dated:** May 3, 2011